**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5217-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LAMEEL T. CUMMINGS, a/k/a
JAMEEL BATTLE, LAMEEL
TYREE CUMMINGS, MILL,

    Defendant-Appellant.

_____

Submitted February 11, 2019 – Decided February 22, 2019

Before Judges Haas and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 11-12-1260.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel; Alison S. Perrone, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Patricia L.F. Cronin, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Lameel Cummings appeals from the July 13, 2017 Law Division order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

A Union County grand jury charged defendant in a one-count indictment with third-degree possession of an electronic communication device while he was an inmate in the county jail, N.J.S.A. 2C:29-10(b). Three months later, defendant attended a pre-trial conference where his attorney stated on the record that the State had offered to recommend that the court sentence defendant to a three-year sentence, which would run consecutive to a term he was already serving for aggravated manslaughter, if he pled guilty. At the next conference, defense counsel stated that defendant was willing to accept a three-year, concurrent sentence or, in the alternative, a one-year consecutive sentence in return for his plea. However, the State would not accept this counter-offer.

Soon thereafter, defendant agreed to plead guilty. In doing so, he accepted the State's offer that it would recommend the imposition of a consecutive three-year term at the time of sentencing. In keeping with this agreement, defendant's

plea form stated that the prosecutor would recommend a "3 flat C/S[1] to 09-07-00684[,]" which was the indictment number for defendant's aggravated manslaughter conviction. At the plea hearing, the court advised defendant that the State was recommending that the three-year sentence run consecutive to his current sentence. Defendant confirmed that this was his "understanding of the plea[.]" Several months later, the court sentenced defendant to a consecutive three-year term in accordance with the negotiated plea agreement.

Defendant appealed his sentence, and argued that a concurrent, rather than a consecutive sentence, would have been more appropriate because, although the defendant had possessed a cell phone while in the county jail, he was not the one who smuggled it into the institution. We heard defendant's appeal on our Excessive Sentence Oral Argument calendar pursuant to Rule 2:9-11, rejected his contention that a consecutive sentence was inappropriate, and affirmed the three-year, consecutive sentence. State v. Cummings, No. A-2441-15 (App. Div. June 6, 2016).

Defendant then filed a timely petition for PCR. In a supplemental certification, defendant asserted that his attorney provided him with ineffective

---

[1] At the evidentiary hearing, defense counsel testified that she wrote the term "C/S" on the form and, before doing so, explained to defendant that it meant "consecutive."

A-5217-16T4

assistance at the plea hearing because she failed to tell him "about the differences between a consecutive and concurrent sentence." He claimed he believed the term "C/S" on the plea form he signed "meant custodial sentence[,]" rather than "consecutive sentence." Defendant alleged that had he known that he was going to serve a three-year sentence following the conclusion of his sentence for aggravated manslaughter, he would not have accepted the plea agreement.

Judge John Deitch found that defendant was entitled to an evidentiary hearing on his petition. Defendant called his trial attorney as his only witness. The attorney testified that although she had only a vague recollection of the plea hearing and her conversations with defendant, she always explained all aspects of a plea agreement to her clients as a matter of practice. Whenever she used the term "C/S" as "shorthand for consecutive" on the plea form, the attorney stated she explained this term to her client. When asked on cross-examination whether defendant "ever express[ed] any misunderstandings about how the consecutive sentence would be applied to the . . . aggravated-manslaughter sentence[,]" the attorney stated she "recall[ed] [defendant] being angry about the consecutive nature of the plea offer, as was I." Defendant did not testify in support of his petition, and the State called no witnesses of its own.

Following the hearing, Judge Deitch concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that defense counsel's performance was deficient and that, but for the deficient performance, the result would have been different. In his thorough written opinion, the judge found that defendant's attorney's testimony was credible, and that defendant was fully aware of the distinction between a concurrent and a consecutive sentence. In so ruling, the judge further found that defendant's position "that he was never properly informed of what 'consecutive' meant in a sentencing context" was "incredible when compared to the record in this case[.]" This appeal followed.

On appeal, defendant raises the following contention:

POINT ONE

DEFENSE COUNSEL'S FAILURE TO PROPERLY EXPLAIN THE CONSECUTIVE NATURE OF THE PLEA AGREEMENT TO DEFENDANT DEPRIVED DEFENDANT OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate

5

specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, State v. Fritz, 105 N.J. 42, 52 (1987), a defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his trial attorney. Strickland, 466 U.S. at 694.

Where, as here, the judge conducts an evidentiary hearing, we must uphold the judge's factual findings, "so long as those findings are supported by sufficient credible evidence in the record." State v. Rockford, 213 N.J. 424, 440 (2013) (internal quotation marks omitted) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)). Additionally, we defer to a trial judge's findings that are "substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." Ibid. (alteration in original) (internal quotation marks omitted) (quoting Robinson, 200 N.J. at 15).

Having considered defendant's contention in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially

6

for the reasons detailed at length in Judge Deitch's comprehensive written opinion. As the judge expressly found, defendant's attorney credibly testified that she always explained the nature of the proposed sentence to her clients. In addition, defendant was present at two pre-trial conferences where the proposed consecutive sentence was discussed, and the judge expressly advised him during the plea hearing that the sentence in the present case would be consecutive to the sentence for aggravated manslaughter that he was already serving. Therefore, the record fully supports the judge's determination that defendant's attorney properly represented and advised him concerning his sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5217-16T4